UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROTHY SOK, | No. 2:21-cv-00990 CKD SS |
| Plaintiff, | |
| v. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). The parties have consented to magistrate judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. For the reasons discussed below, the court will grant plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born in 1979, applied on October 23, 2018 for DIB, alleging disability beginning January 18, 2018. Administrative Transcript ("AT") 15, 25. Plaintiff alleged she was unable to work due to back injury, anxiety, depression, panic, muscle pain, body tension, and migraine headaches. AT 251, 275. In a decision dated October 19, 2020, the ALJ determined that plaintiff

1

was not disabled.[1]  AT 15-27.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2023.
>
> 2. The claimant has not engaged in substantial gainful activity since January 18, 2018, the amended alleged onset date.
>
> 3. The claimant has the following severe impairments: lumbar bulging discs, major depressive disorder, and generalized anxiety disorder.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

---

[1]  Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

    5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work, except the claimant is able to understand and remember simple tasks. The claimant can perform simple work tasks for two-hour increments over the course of a normal workday and workweek. The claimant can maintain the social demands of a work-like setting with occasional contact with the general public. The claimant can adapt to changes in a work-like setting involving simple cognitive tasks and limited social contact.

    6. The claimant is unable to perform any past relevant work.[2]

    7. The claimant was born [in] 1979 and was 38 years old, which is defined as a younger individual age 18-49, on the amended disability onset date.

    8. The claimant has at least a high-school education.

    9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills.

    10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

    11. The claimant has not been under a disability, as defined in the Social Security Act, from January 18, 2018, the amended alleged onset date, through the date of this decision.

AT 17-26.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ erred by rejecting multiple opinions by Workers' Compensation providers; (2) the ALJ erred by rejecting the treating and examining psychiatric opinions; and (3) the ALJ erred in her analysis of plaintiff's credibility and by failing to evaluate the lay witness testimony.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial

---

[2] Relying on vocational expert testimony, the ALJ noted that plaintiff had previously worked as a psychiatric technician, a program coordinator, and a pharmacy technician. AT 25.

3

evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

    A. Credibility and Lay Testimony

Plaintiff asserts that the ALJ committed prejudicial errors in discounting her subjective symptom testimony and the third-party statement of her live-in relative, Sothyda Ou.

    1. Plaintiff's Testimony

The ALJ summarized plaintiff's statements about her symptoms and impairments as follows:

> The claimant reported that her back injury and psychiatric symptoms prevented her from performing normal daily activities. She attested that her impairments affected her abilities to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, see, remember, complete tasks, concentrate, understand, follow instructions, and use her hands. She elaborated that she could only lift up to five pounds and walk for about a block before she needed to stop and rest. The claimant

> testified that she is unable to work because of her impairments. She testified that her psychiatric impairments cause depression, irritability, anxiety, and make her unreliable. She testified that she could only stand for fifteen to twenty minutes before she needs to sit, which she could do for twenty minutes. She testified that she has panic attacks. She testified that she is limited in her activities of daily living.

AT 21, citing AT 318, 323. At the July 2020 hearing, plaintiff stated that she could not sit, stand, do paperwork, or assess clients due to her back injury.[3] AT 41. She testified that, after 15-20 minutes of standing, she would need to sit, and, after 20 minutes of sitting, she would need to get up and walk. AT 42. She also testified as to mental symptoms related to depression and anxiety. AT 41-46.

The ALJ determined that "the claimant's statements concerning the intensity, persistence, and limiting effects of [her alleged] symptoms are not entirely consistent with the medical evidence and other evidence in the record for reasons explained in this decision." AT 21.

The ALJ next summarized the longitudinal medical evidence, including a 2017 MRI of plaintiff's lumbar spine; four physical examinations and treatment notes in 2018; a psychiatric consultative examination in 2019; treatment notes and exam results in 2019; and psychiatric treatment and examination notes from 2018 through 2020. AT 21-23. The ALJ then assessed the medical opinions. AT 23-25.

The ALJ did not explain how specific evidence undercut plaintiff's testimony about physical symptoms, except in the following instance:

> Despite her alleged significant back pain, during the psychiatric consultative examination on March 23, 2019, the claimant reported that she enjoyed gardening to relieve her psychiatric symptoms without alleging being limited in such task due to a physical impairment.

AT 22, citing AT 1175. Aside from one reference to gardening, the ALJ did not link any countervailing evidence to plaintiff's alleged physical limitations, including limitations on sitting,

---

[3] Plaintiff was in a car accident in 2016 and a lifting injury at work in 2017, resulting in significant back pain. AT 564, 1174. After her work injury in July 2017, she was placed on modified duty and was limited to working part-time off and on until January 2018. AT 50-51, 449, 458, 1769, 1779. Her medical treatment records in 2018 and 2019 focused on low back pain. See AT 21, 23 (summarizing medical opinions associated with worker's compensation claim).

standing, and walking.

As to mental symptoms, the ALJ noted that, in late 2019, plaintiff's "psychiatric symptoms were under control with medication" and she reported improvement in her symptoms. AT 22. Earlier in the decision, the ALJ implied that certain evidence undercut plaintiff's subjective testimony as to attention span and concentration, writing as follows:

> She alleged that she had a very short attention span, however, I note that she provided very detailed responses within the function reports, without notations of concentration difficulties. Treatment notes from January 29, 2018 detailed that the claimant had a normal attention span and concentration. Although the claimant reported concentration difficulties that resulted in cooking injuries, later records do not show that the claimant continued to endorse or be treated for such difficulties. During a physical examination on May 10, 2018, the claimant was observed to have a normal attention span and concentration. . . . Later treatment notes [suggest] that she was able to drive to such treatment without concentration difficulties.

AT 19 (record citations omitted). Similarly, the ALJ linked specific evidence to plaintiff's alleged problems with motivation and activities of daily living, concluding that she had a mild limitation in adapting or managing herself. AT 19. The ALJ also linked specific evidence to plaintiff's alleged impaired memory and difficulties with instruction, concluding that she had a moderate limitation in understanding, remembering, and applying information. AT 18-19.

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief"). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

The Ninth Circuit recently clarified that, when discounting subjective testimony, an ALJ must provide "specific, clear, and convincing *reasons* for doing so." Wade v. Saul, 850 F. App'x 568, 569 (9th Cir. 2021) (emphasis in original), citing Lambert v. Saul, 980 F.3d 1266, 1277–78

(9th Cir. 2020).

> To be sure, we confirm our precedent does "not require ALJs to perform a line-by-line exegesis of the claimant's testimony...." Lambert, 980 F.3d at 1277. But the ALJ's detailed overview of [the claimant's] medical history—coupled with a nonspecific boilerplate conclusion that her testimony was "not entirely consistent" with her medical treatment—was not enough to satisfy the minimal requirements for assessing credibility. Id. at 1277–78; see Brown-Hunter v. Colvin, 806 F.3d 487, 494 (9th Cir. 2015) ("We cannot review whether the ALJ provided specific, clear, and convincing reasons for rejecting [claimant's symptom] testimony where, as here, the ALJ never identified which testimony she found not credible, and never explained which evidence contradicted that testimony."). Summarizing [the claimant's] testimony about her limitations from her mental impairments, and later mentioning that her symptoms improved with medication and treatment, does not provide clear and convincing reasons to discredit that testimony. See Lambert, 980 F.3d at 1278. This is reversible error. Id. ("Because the ALJ did not provide enough 'reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence,' we cannot treat the error as harmless." (quoting Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014))).

Wade, 850 F. App's at 569.

Similarly, here, the ALJ's boilerplate assertion that plaintiff's testimony was inconsistent with the medical record and opinions, is not legally sufficient to reject plaintiff's testimony about her physical symptoms under the Lambert standard. Because it is not clear whether the residual functional capacity for medium work was supported by substantial evidence, the court finds prejudicial error on this basis.

    2. Third-Party Testimony

The ALJ reviewed a third-party function report by plaintiff's aunt-in-law, writing as follows:

> I have considered the third party function report submitted by Sothyda Ou, the claimant's aunt-in-law. Ms. Ou indicated that the claimant's impairments prevented the claimant from doing her normal daily activities. Ms. Ou noted that the claimant's impairments affected her abilities to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, remember, complete tasks, concentrate, understand, follow instructions, and use her hands.

AT 21, citing AT 310-317. The ALJ did not further remark on Ms. Ou's statement or provide any reason for rejecting it, short of the general discussion of the medical evidence and opinions set

forth above.

"[L]ay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence, and therefore cannot be disregarded without comment." Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); see also Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993) (friends and family members in a position to observe a plaintiff's symptoms and daily activities are competent to testify to condition). "If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness." Dodrill, 12 F.3d at 919.

The ALJ failed to provide reasons for discounting the testimony of Ms. Ou, which if credited would have been material to the disability determination. Insofar as the ALJ's reasons for rejecting Ms. Ou's testimony were the same as the reasons for discounting plaintiff's testimony, the ALJ's general discussion of the evidence was inadequate for the reasons set forth above. The court finds prejudicial error on this basis as well. Plaintiff is entitled to summary judgment.[4]

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within

---

[4] The court does not reach the remaining claims.

the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether the claimant was, in fact, disabled during the relevant period. On remand, the ALJ is free to develop the record as needed, including asking a vocational expert hypothetical questions about available jobs based on a revised RFC. The court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand. The court also does not instruct the ALJ to credit any particular opinion or testimony. The ALJ may ultimately find plaintiff disabled during the entirety of the relevant period; may find plaintiff eligible for some type of closed period of disability benefits; or may find that plaintiff was never disabled during the relevant period, provided that the ALJ's determination complies with applicable legal standards and is supported by the record as a whole.

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for summary judgment (ECF No. 11) is granted;
2. The Commissioner's cross-motion for summary judgment (ECF No. 12) is denied; and
3. The matter is remanded for further administrative proceedings consistent with this order.

Dated: September 26, 2022

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE

2/sok990.dib.ckd

9